IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-63229 |
| | ) | through 05-63234 |
| | ) | |
| MCLEODUSA INCORPORATED, | ) | Chapter 11 |
| et al., | ) | Hon. John H. Squires |
| | ) | |
| Debtors. | ) | **Hearing Date:** October 28, 2005 |
| | ) | **Hearing Time:** 10:30 a.m. |

**DECLARATION OF TIMOTHY R. POHL UNDER FED. R.
BANKR. P. 2014 AND 2016 IN SUPPORT OF APPLICATION
FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 329
AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP AND AFFILIATED LAW PRACTICE
<u>ENTITIES AS ATTORNEYS FOR DEBTORS-IN-POSSESSION</u>**

I, TIMOTHY R. POHL, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden" or "the Firm"), which maintains an office for the practice of law at, among other places, 333 West Wacker Drive, Chicago, Illinois 60606-1285. I submit this declaration and statement in support of the Application for Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing Employment and Retention of Skadden, Arps, Slate, Meagher & Flom LLP and its Affiliated Law Practice Entities as Attorneys for

Debtors-In-Possession (the Application),[1] filed concurrently herewith by McLeodUSA Incorporated ("McLeodUSA") and certain of its subsidiaries (the "Subsidiary Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively the "Debtors"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

## QUALIFICATION OF PROFESSIONALS

2.  Since October 2001, Skadden has performed extensive legal work for the Debtors in connection with certain corporate, financing, litigation, securities and other significant matters. Furthermore, Skadden assisted the Debtors in restructuring their debt in 2002 through a Pre-arranged Plan of Reorganization.

3.  Skadden believes that it has assembled a highly qualified team of attorneys to service the Debtors during their reorganization efforts. I am a member of the Firm's corporate restructuring practice and generally will be responsible for coordinating the Firm's representation of the Debtors in these cases. I have extensive experience in representing debtors in chapter 11 cases, including In re National Steel, Corp., In re Orius Corp., In re Washington Group International, Inc., In re ICG Communications, Inc., In re The Singer Company N.V., In re Philip Services, Inc., In

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden and are based on information provided by them.

2

re Favorite Brands International Corporation, In re Montgomery Ward Holding Corporation and In re Trans World Airlines, Inc., among others.

4. Prior to commencement of these chapter 11 cases, the Debtors sought the services of Skadden with respect to, among other things, advice regarding restructuring matters in general and preparation for the potential commencement and prosecution of chapter 11 cases for the Debtors. In this regard, Skadden has performed extensive legal work for the Debtors in connection with their ongoing restructuring efforts including, but not limited to, financing and creditor issues. In addition, Skadden assisted the Debtors with formulating, drafting and soliciting votes on the Plan. As a result of representing the Debtors on such matters, Skadden has acquired extensive knowledge of the Debtors and their businesses and is uniquely familiar with the Debtors' capital structure, corporate structure, financing documents and other material agreements.

**SERVICES TO BE RENDERED**

5. The Debtors have requested that Skadden render the following services in connection with these cases:

    (a) advise the Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and properties;

    (b) attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

(c) take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against those estates, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the estates;

(d) prepare on behalf of the Debtors all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(e) appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtors' estates before such courts and the U.S. Trustee;

(f) take any necessary action on behalf of the Debtors to obtain confirmation of the Debtors' plan of reorganization; and

(g) perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these chapter 11 cases.

6. Subject to this Court's approval of the Application, Skadden is willing to serve as the Debtors' counsel and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

7. To the best of my knowledge, the partners, counsel and associates of Skadden (a) do not have any connection with the Debtors or their affiliates, their creditors, the U.S. Trustee or any person employed in the office of the U.S. Trustee, or any other significant party-in-interest, or their respective attorneys and accountants except as otherwise set forth herein, (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estates.

4

8. Skadden has represented, currently represents and in the future likely will represent certain creditors of the Debtors and other parties-in-interest in matters unrelated to Debtors, the Debtors reorganization cases or such entities' claims against or interests in the Debtors. Prior to the commencement of these cases, Skadden conducted a disclosure review with respect to the Debtors and the most significant parties-in-interest in the Debtors' cases. Of the Debtors' directors and officers for the previous three (3) years, prepetition secured lenders, indenture trustees, other secured creditors, insurance underwriters, major unsecured creditors, largest identifiable shareholders, adverse litigants, major competitors, significant contract parties, major customers, landlords, utility providers, major competitors and restructuring and ordinary course professionals, all identified by the Debtors at various times between May and October 2005, Skadden currently represents, or has represented the following entities or their affiliates, as indicated, on matters unrelated to the Debtors:

(a) <u>Directors and Officers</u>. Skadden has represented certain of the directors and officers of McLeodUSA and/or companies with which they are affiliated in matters unrelated to the Debtors. On information and belief, Chris A. Davis is the Chairman of the Board and former Chief Executive officer of McLeodUSA and has served as an outside director of Wolverine Tube, Inc. and Cytec Industries, Inc., which Skadden has represented on matters unrelated to the Debtors. On information and belief, Dale F. Frey is a current member of the McLeodUSA Board of Directors and has served as an outside director of Community Health Systems, Inc., which Skadden has represented on matters unrelated to the Debtors. On information and belief, Edward D. Breen is a current member of the McLeodUSA Board of Directors and serves as the Chief Executive Officer and Chairman of the Board of Tyco International, Ltd., which Skadden represents on matters unrelated to the Debtors. On information and belief, Farid Suleman is a

5

current member of the McLeodUSA Board of Directors and has served as Chief Financial Officer and a member of the Board of Directors of Infinity Broadcasting Corporation and Chief Financial Officer of CBS Radio, Inc, which Skadden represents or has represented affiliates thereof on matters unrelated to the Debtors. On information and belief Jeffrey D. Benjamin is a current member of the McLeodUSA Board of Directors and has served as an outside director Dade Behring, Inc., which Skadden has represented on matters unrelated to the Debtors. On information and belief, Richard J. Buyens is a current member of the McLeodUSA Board of Directors and previously served as a Senior Vice President with Intermedia Communications, which Skadden has represented affiliates thereof on matters unrelated to the Debtors. On information and belief, Roger T. Staubach is a current member of the McLeodUSA Board of Directors and serves as Chairman of the Board and Chief Executive Officer of The Staubach Company, which Skadden has represented on matters unrelated to the Debtors, and has served as an outside director of AMR Corporation, which Skadden has represented affiliates thereof on matters unrelated to the Debtors. On information and belief, Theodore J. Forstman is a current member of the McLeodUSA Board of Directors and has served as an outside director of Community Health Systems, Inc., which Skadden has represented on matters unrelated to the Debtors. In addition, Skadden has represented Thomas H. Lister, a current member of the McLeodUSA Board of Directors, on matters unrelated to the Debtors. Peter V. Ueberroth, Thomas D. Bell, Jr. and Thomas M. Collins are former members of McLeodUSA's Board of Directors. On information and belief, Mr. Ueberroth has served as an outside director of The Coca Cola Company and Hilton Hotels Corporation, which Skadden has represented on matters unrelated to the Debtors. On information and belief, Mr. Bell has served as an outside director of Regal Entertainment Corporation, which Skadden has represented affiliates thereof on matters unrelated to the Debtors. On information and belief, Mr. Collins has served as an outside director of APAC Customer Services, Inc. and Technicolor Digital Cinema, LLC, which Skadden has represented affiliates thereof on matters unrelated to the Debtors.

(b) <u>Prepetition Secured Lenders.</u> The Debtors maintain working capital facilities pursuant to a credit agreement dated as of May 31, 2000 (as amended, the "Junior Prepetition Credit Agreement")

and a credit agreement dated April 16, 2002 (as amended, the "Senior Prepetition Credit Agreement" and collectively with the Junior Prepetition Credit Agreement, the "Credit Agreements") by and among certain financial institutions party thereto (the "Prepetition Secured Lenders").  Skadden represents or has represented the following financial institutions party to the Credit Agreements on matters unrelated to the Debtors:  ABN AMRO Bank, N.V.; affiliates of Alliance Capital Management, LP; Allstate Life Insurance Co.; American Express Asset Management; affiliates of American Money Management Corporation; Apollo Advisors, LP; Avalon Capital, Ltd.; Bain Capital, Inc.; Bank Austria Creditanstalt AG; Affiliates of Bank of America. N.A.; The Bank of Nova Scotia; Bayerische Hypo-Und Vereinsbank, AG; Bear Stearns & Co., Inc.; affiliates of Carlyle High Yield Partners, LP and High Yield Partners II, LP; affiliates of Centurion CDO II, Ltd.; Citibank N.A. and affiliates thereof; Credit Lyonnais S.A. New York; Credit Suisse First Boston Corporation; David L. Babson and Company, Inc.; Deutsche Bank AG; affiliates of Fidelity Investments; an affiliate of General Re – New England Asset Management, Inc.; an affiliate of Goldman Sachs Credit Partners, LP; Highland Capital Management, LP; an affiliate of ING Capital Advisors, Inc.; Jefferies & Company, Inc.; affiliates of J.P. Morgan Chase Bank; an affiliate of Kennett Capital, Inc.; an affiliate of KS International Investment Corporation; an affiliate of KZH Cypress Tree - 1 LLC; affiliates of Merrill Lynch Credit Products, LLC; affiliates of Morgan Stanley Bank; affiliates of Octagon Credit Investors, LLC; an affiliate of Odyssey America Reinsurance Corporation; affiliates of Oppenheimer Funds, Inc.; an affiliate of Pacific Investment Management Company, LLC; Seneca Capital, LP; Stanfield Capital Partners, LLC; Strategic Value Partners, LLC; an affiliate of Textron Financial Corporation; and affiliates of Van Kampen Senior Loan Fund.

(c) <u>Financial Advisors to Counsel for Prepetition Secured Lenders</u>.  Skadden represents or has represented the following entities who serve or have served as financial advisors to counsel for the Prepetition Secured Lenders, on matters unrelated to the Debtors: FTI Consulting, Inc. and Lazard Frères & Co., LLC.

(d) <u>Insurance Underwriters</u>.  Skadden represents or has represented the following entities who are insurance underwriters for the

7

        Debtors, on matters unrelated to the Debtors: Aetna Inc.; Aon Corporation; MassMutual Financial Group; Metropolitan Life Insurance Company; and affiliates of Wellmark, Inc.

(e)    Major Unsecured Creditors. Of the Debtors' major unsecured creditors, vendors and real property lessors, identified periodically by the Debtors between May and October 2005, Skadden represents or has represented the following entities in matters unrelated to the Debtors: 360 Networks, Inc.; an affiliate of ABM Janitorial Services; AdvancePCS; Alltel Corporation; an affiliate of American Electric Power Company, Inc.; Ameritech; APAC Customer Services, Inc.; SBC Communications, Inc.; an affiliate of AT&T Wireless Services, Inc.; Bell South Corporation; an affiliate of CB Richard Ellis Group, Inc.; an affiliate of CenturyTel, Inc.; affiliates of Cingular Wireless; CISCO Systems, Inc.; Citizens Communications Co.; Comcast Corporation; Commonwealth Edison Company; Consumers Energy Company; Cox Communications, Inc.; DTE Energy, Inc.; an affiliate of Electric Lightwave, Inc.; Entergy Corporation; an affiliate of eServ, LLC; an affiliate of Frontier Communications, Inc.; an affiliate of Gallatin River Communications, LLC; Global Crossing Limited; affiliates of Hewitt Associates, LLC; IBM Corporation; an affiliate of ICG Telecommunications Group, Inc.; and affiliate of Interstate Fibernet, Inc.; an affiliate of J. Walter Thompson U.S.A., Inc.; Kern River Gas Transmission Company; KMC Telecom, Inc.; Level 3 Communications, Inc.; an affiliate of Longview Bank & Trust Company; Lucent Technologies, Inc.; an affiliate of MBNA Technology, Inc.; National Cable Television Cooperative, Inc.; an affiliate of Newmark & Company Real Estate, Inc.; Nextel Communications, Inc.; an affiliate of Norlight Telecommunications, Inc.; Reliant Energy, Inc.; SourceLink, Inc.; Sprint Corporation; an affiliate of TDS Metrocom, LLC; an affiliate of TXU Energy; Valor Telecommunications; Williams Communications Group, Inc.; Xcel Energy, Inc.; and XO Communications, Inc. In addition, Skadden represents Birch Telecom, Inc., as debtor and debtor-in-possession in its chapter 11 case presently pending in the District of Delaware, Case No. 05-12237.

(f)    Significant Shareholders. Skadden represents or has represented affiliates of the following entities who are significant shareholders of the Debtors, on matters unrelated to the Debtors: Forstman

8

        Little & Co. Equity Partnership–V; Forstman Little & Co. Equity Partnership–VII; Forstman Little & Co. Subordinated Debt and Equity Management Buyout Partnership–VI; Forstman Little & Co. Subordinated Debt and Equity Management Buyout Partnership–VII; and Forstman Little & Co. Subordinated Debt and Equity Management Buyout Partnership–VIII.

(g) <u>Adverse Litigants</u>. Skadden represents or has represented the following major adverse litigants or affiliates thereof on matters unrelated to the Debtors: Alcatel SA; Commonwealth Telephone Enterprises, Incorporated; The Detroit Edison Company; and WilTel Communications.

(h) <u>Major Competitors</u>: Skadden represents or has represented the following major competitors or affiliates thereof on matters unrelated to the Debtors: AT&T Corporation; MCI, Inc.; Qwest Communications International, Inc.; and Verizon Communications, Inc.

(i) <u>Significant Contract Parties</u>. Skadden represents or has represented the following contract parties on matters unrelated to the Debtors: Caremark Rx, Inc.; an affiliate of Delta Dental Plans Association; and Magellan Behavorial Health (EAP).

(j) <u>Ordinary Course Professionals</u>. The Debtors have retained Deloitte & Touche, LLP, Ernst & Young, LLP and KPMG, LLP as ordinary course professionals to provide non-bankruptcy service and advice to the Debtors. Skadden represents or has represented Deloitte & Touche, LLP, Ernst & Young, LLP and KPMG, LLP in matters unrelated to the Debtors.

9. Many of the Firm's representations of the above clients consist of episodic transactional matters. Skadden's representation of the above entities will not affect the Firm's representation of the Debtors in these cases. Skadden does not represent the above entities in any matters adverse or related to the Debtors in their chapter 11 cases.

9

10. Skadden is one of the largest law firms in the world and has a diverse client base. Each of Skadden's clients is, and is treated as, a separate legal entity, and bills are prepared and sent on such basis. Nevertheless, to make for as complete a disclosure as possible, for purposes of this declaration, when applicable, I will also identify the value of time billed to clients and their affiliates on an aggregate basis. During the twelve-month period ending September 2005 (the "Trailing Twelve Months"), the last date for which such information is currently available, no client, including affiliates, accounted for more than 4% of Skadden's total value of time billed to client matters during that period.

11. Of the entities listed above or their affiliates, only Citibank N.A., Deloitte & Touche, LLP, Deutsche Bank AG and J.P. Morgan Chase Bank and their affiliates accounted for more than 1.0% of the value of time billed to client matters during the Trailing Twelve Months. The remaining entities, including their affiliates, represented less than 1.0% of such time billed, with most of the entities representing less than 0.1% of such time billed.

12. Skadden is currently engaged in extensive further inquiry regarding the Debtors' constituencies and, if appropriate, will promptly file a supplemental disclosure with the Court as soon as the results of this inquiry are obtained.

13. To the best of my knowledge, neither Skadden nor any attorney at the Firm is or was, within two (2) years before the Petition Date, a director, officer or employee of any of the Debtors.

10

14. To the best of my knowledge, Skadden does not have an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

15. I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States District Judge or United States Bankruptcy Judge in the Northern District of Illinois or to the United States Trustee for such district or any employee in the office thereof.

16. In view of the foregoing, Skadden is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

**PROFESSIONAL COMPENSATION**

17. Pursuant to the Engagement Agreement (attached hereto as Exhibit A), Skadden was to be paid a $250,000 retainer for professional services and expenses. Because Skadden has been representing the Debtors for years on multiple matters, Skadden was already holding retainers aggregating $415,000, which was simply maintained as the retainer under the Engagement Agreement with the consent of the Debtors (the "Initial Retainer"). Prior to the filing of the Debtors' chapter 11 cases, Skadden submitted invoices to the Debtors on a periodic basis, for professional fees and expenses. The Debtors were invoiced for fees and expenses including estimated unposted professional fees and expenses through the Petition Date. With respect to these invoices, in the 90 days prior to the Petition Date, in the ordinary

course of business, the Debtors paid in the aggregate the sum of approximately $2,418,652 for services rendered and as reimbursement for charges and disbursements incurred, $2,338,806 of which was attributable to legal services performed and charges and disbursements incurred in contemplation of or in connection with these cases.

18. In addition, prior to the Petition Date, Skadden drew the full amount of the Initial Retainer to pay for estimated fees and expenses incurred prior to and up to the Petition Date but that were unable to be billed specifically because such amounts had not yet been processed through Skadden's billing system. Skadden will promptly issue a final billing statement (the "Final Billing Statement") for actual fees, charges, and disbursements for the period prior to the Petition Date once all fees, charges, and disbursements accrued prior to the filing have been finally posted (the "Final Billed Amount"). To the extent that the amounts paid to Skadden (including via the draw on the Initial Retainer) exceed the Final Billed Amount, such excess payment shall be returned to the retainer account and held by Skadden (the "Final Retainer") to pay any fees, charges and disbursements which remain unpaid at the end of the reorganization cases.

19. During the course of these cases, Skadden will invoice the Debtors no less frequently than monthly for services rendered and charges and disbursements incurred. Such invoices will constitute a request for interim payments against the Firm's reasonable fee to be determined at the conclusion of the cases.

12

20.  Skadden's fees for professional services are based, in part, on its guideline hourly rates which are periodically adjusted.  Skadden will be providing professional services to the Debtors under its bundled rate schedules and, therefore, Skadden will not be seeking to be separately compensated for certain staff, clerical personnel who also record time spent working on matters.  As of September 1, 2005, the hourly rates under the bundled rate structure range from $585 to $835 for partners and of counsel, $560 to $640 for counsel and special counsel, $295 to $540 for associates, and $90 to $230 for legal assistants and support staff.  The hourly rates set forth above are subject to the periodic increases in the normal course of the Firm's business, often due to the increased experience of a particular professional.

21.  The hourly rates set forth above are the Firm's standard bundled hourly rates for work of this nature.  These rates are set at a level designed to compensate Skadden fairly for the work of its attorneys and legal assistants and to cover the fixed and routine overhead expenses, including those items billed separately to other clients under the Firm's standard unbundled rate structure.  Consistent with the Firm's policy with respect to its other clients, Skadden will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among others, costs of telephone charges, photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), travel, business meals (but no overtime meals), computerized research, messengers, couriers, postage,

13

witness fees and other fees related to trials and hearings. Charges and disbursements are invoiced pursuant to Skadden's Policy Statement Concerning Charges and Disbursements. The "Policy Statement Concerning Charges and Disbursements" is attached to the Engagement Agreement. Certain charges are not separately charged for under the bundled rate structure as described in the Engagement Agreement.

22. Skadden intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court. Skadden will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these cases at the then-current standard bundled rate charged for such services on a non-bankruptcy matter.

23. Skadden has agreed to accept compensation of such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved and the complexity, importance and nature of the problems, issues or tasks addressed in these cases.

24. Other than as set forth above, no arrangement is proposed between the Debtors and Skadden for compensation to be paid in these cases.

25. Except for sharing arrangements among Skadden, Arps, Slate, Meagher and Flom LLP, its affiliated law practice entities, and their respective members, Skadden has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26. In the Engagement Agreement, Skadden specifically disclosed to the Debtors that the Firm may have represented or may currently represent creditors or other interested parties in matters unrelated to the Debtors, and intends to continue to represent such third parties in the future. Pursuant to the Engagement Agreement, the Debtors agreed that Skadden's representation of the Debtors would not be used as a basis for disqualifying the Firm from representing another client of the Firm in any particular matter vis-a-vis any other third party.

27. Other than as set forth above, as of the date of this Declaration, I am not aware of the existence of any claims, or potential claims, against any of the interested parties. Accordingly, the Firm has not tried to obtain, and does not at this time intend to try to obtain, conflict waivers from any creditors of the Debtors or other interested parties that the Firm currently represents on matters unrelated to the Debtors or their Chapter 11 cases.

28. Skadden has instituted and is carrying on further inquiries of its partners and associates with respect to the matters contained herein, including the circulation of a special "disinterestedness" questionnaire to each of the more than

1,600 attorneys in the Firm's 20 domestic and international offices. Skadden will file supplemental declarations regarding this retention if any additional relevant information comes to its attention. Additionally, as a matter of retention and disclosure policy, Skadden will periodically review its past and present relationships with entities materially participating in these cases from time to time and will file a supplemental disclosure affidavit, if warranted, approximately every ninety (90) days.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 28th day of October, 2005.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Timothy R. Pohl
    Timothy R. Pohl

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Hon. John H. Squires |
| MCLEODUSA INCORPORATED, | ) | Case No. 05-63229 |
| et al.[1] | ) | through 05-63234 |
| Debtors. | ) | |
| | ) | **Hearing Date:** October 28, 2005 |
| | ) | **Hearing Time**: 10:30 a.m |

Timothy R. Pohl hereby certifies that he caused to be served a true and correct copy of the **above Motion** upon the parties listed on the attached Service List via Federal Express Overnight Delivery (Saturday Delivery) on the 28th day of October, 2005.

Dated: Chicago, Illinois         /s/  Timothy R. Pohl
       October 28, 2005

                                 Timothy R. Pohl (ARDC No. 06208157)
                                 Peter C. Krupp (ARDC No. 06193707)
                                 Felicia Gerber Perlman (ARDC No. 06210753)
                                 SKADDEN ARPS SLATE MEAGHER
                                   & FLOM LLP
                                 333 West Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                 Attorneys for Debtors and
                                   Debtors-in-Possession

---

[1] The Debtors consist of: McLeodUSA Incorporated (EIN x7240); McLeodUSA Holdings, Inc. (EIN x0714); McLeodUSA Information Services, Inc.(EIN x9757); McLeodUSA Network Services, Inc. (EIN x7241); McLeodUSA Purchasing, L.L.C. (EIN x 1014); and McLeodUSA Telecommunications Services, Inc. (EIN x7242).

{A0088375.DOC}

## SERVICE LIST

The Office of the United States Trustee
Attention:  Kathryn M. Gleason, Esq.
Northern District of Illinois, Eastern Division
227 West Monroe Street, Suite 3350
Chicago, Illinois 60606

Davis Polk & Wardwell
Attention: Donald S. Bernstein, Esq.
450 Lexington Avenue
New York, NY 10017

McLeodUSA Incorporated
Attention: James E. Thompson, Esq.
6400 C Street SW
P.O. Box 3177
Cedar Rapids, IA 52406-3177

{A0088375.DOC}